**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

BURLEY HOWARD,

    Petitioner,

v.                                                CASE NO: 8:08-CV-495-T-30EAJ

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.
_____/

## **ORDER**

Petitioner, an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 (Dkt. 1). The Court has considered the petition, Respondents' response (Dkt. 13) and Petitioner's reply (Dkt. 21). Upon review, the Court determines that the petition must be denied because he has not met his burden to show ineffective assistance of counsel.

### **BACKGROUND**

On November 20, 2002, Petitioner Burley Howard (hereinafter "Petitioner") was charged with burglary of a dwelling and petit theft after allegedly breaking into the model home of a subdivision in Lake Wales, Florida, and removing a microwave from the home.

A first trial ended in a mistrial on October 30, 2003. On November 20, 2003, a second jury found Petitioner guilty of burglary but acquitted him on the petit theft charge. The trial

judge sentenced Petitioner to 15 years in prison. The Court of Appeal upheld his conviction per curiam on February, 25 2006. *Howard v. State,* 901 So. 2d 125 (Fla. 2d DCA 2005).

Petitioner filed a pro se motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a) on December 7, 2005. The court granted the motion on January 19, 2006, and on March 13, 2006, the court resentenced Petitioner to the same 15-year sentence as originally imposed. The Court of Appeal affirmed the sentence without a written opinion on May 2, 2007. *Howard v. State*, 955 So. 2d 575 (Fla. 2d DCA 2007).

On December 11, 2006, Petitioner filed a pro se motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 alleging ineffective assistance of trial counsel. On February 21, 2007, the court denied four claims and directed the State to respond to the remaining claims. Following the State's response and Petitioner's reply, the court denied the remaining claims on April 19, 2007. The Court of Appeal affirmed per curiam without written decision on November 7, 2007. *Howard v. State*, 969 So. 2d 1028 (Fla. 2d DCA 2007). The Court of Appeal denied rehearing on December 6, 2007.

On January 29, 2007, Petitioner filed a pro se petition for writ of habeas corpus in state court alleging ineffective assistance of appellate counsel. The Court of Appeal denied the petition on February 14, 2007. *Howard v. State*, 953 So. 2d 528 (Fla. 2d DCA 2007).

Petitioner filed the instant petition on March 17, 2008 (Dkt. 1).

## **STANDARD OF REVIEW**

Pursuant to 28 U.S.C. §2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted and effective on April 24, 1996, "a district court

shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. §2254(a). Where a state court initially considers the issues raised in the petition and enters a decision on the merits, 28 U.S.C. §2254(d) governs the review of those claims. *See Penry v. Johnson*, 532 U.S. 782, 792 (2001); *see also Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003).

Habeas relief may not be granted with respect to a claim adjudicated on the merits in a state court unless the adjudication of the claim:

1 resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2 resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d). *Price v. Vincent*, 538 U.S. 634, 638-39 (2003); *Clark v. Crosby*, 335 F.3d 1303, 1308 (11th Cir. 2003). A state court's factual finding is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

## DISCUSSION

### Legal standard for ineffective assistance of counsel

Petitioner raises eight grounds for relief, all of which involve claims of ineffective assistance of counsel. The standard for proving ineffective assistance of counsel sets a high

bar for a petitioner to overcome. The two-prong test spelled out in *Strickland v. Washington*, 466 U.S. 668 (1984), requires a petitioner to show both that (1) counsel's performance was so deficient and he made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment and (2) counsel's substandard performance prejudiced the defendant. *Id*. at 687. Counsel's performance is not inadequate unless he did not act as "a reasonably competent attorney." *Id*. (internal quotation marks omitted).

This deferential standard of the first prong carries with it the strong presumption that counsel's performance fell "within the wide range of reasonable professional assistance" and that counsel's actions were "sound trial strategy." *Id*. at 689. Accordingly, a defendant claiming ineffective assistance of counsel must identify acts or omissions that were not the result of reasonable professional judgment, and a court must consider whether those acts were outside "the wide range of professionally competent assistance." *Id*. at 690.

The prejudice prong requires a petitioner to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

**Ground I**

In support of his petition, Petitioner asserts:

> Deprivation of rights as secured by the 6th and 14th amendments to the United States Constitution through ineffective assistance of trial counsel: failure to move for a new trial.

According to Petitioner, his trial counsel should have moved for a new trial because the jury rendered inconsistent verdicts when the jury found Petitioner guilty of burglary but not guilty of petit theft. Petitioner argues that had his counsel moved for a new trial, there is a reasonable probability that the trial court would have thrown out the case and granted Petitioner a new trial.

Petitioner fails on both prongs of the *Strickland* test. As the trial court noted when it dismissed this argument in Petitioner's 3.850 motion, Florida law holds that it is not inconsistent to find a defendant guilty of burglary, which involves entry into a dwelling with the *intent* to steal, but not guilty of theft (Dkt. 16, Tab 16). *See Hill v. State*, 839 So. 2d 865 (4th DCA 2003). Though it is a question of federal law whether trial counsel was constitutionally ineffective, when the answer to the question turns on whether counsel should have raised issues of state law, a federal court must defer to the state court's decision regarding its own laws and the validity of the claim a petitioner argues his counsel should have raised at trial. *Alvord v. Wainwright,* 725 F.2d 1282, 1291 (11th Cir. 1984).

Had Petitioner's counsel made such a meritless motion, the trial court would not have had a legal basis to grant the motion. Failure of trial counsel to make a meritless motion does not render trial counsel's performance "deficient"as articulated in *Strickland*, nor could it have prejudiced Petitioner. For these reasons, Petitioner is not entitled to relief on this Ground.

**Ground II**

In support of his petition, Petitioner asserts:

> Deprivation of rights as secured by the 6th and 14th amendments to the United States Constitution through ineffective assistance of trial counsel: failure to object to jury instruction.

Petitioner argues that his trial counsel should have objected to the jury instructions that included the following description of burglary: "At the time of entering or remaining in the structure or dwelling, [Petitioner] had a fully-formed conscious intent to commit an offense in that structure." (Dkt. 16, Vol. III, at R. 394). Petitioner argues that the State impermissibly took an inconsistent position when it proffered inconsistent jury instructions that would allow the jury to find Petitioner guilty of burglary but not of petit theft, resulting in confusing and misleading jury instructions. According to Petitioner, even if this objection had been denied by the trial court, it would have been grounds for appeal and the appellate court would have granted Petitioner a new trial.

Petitioner fails to meet either *Strickland* prong. The state court that rejected Petitioner's argument in his 3.850 motion held that this argument had no legal support under Florida state law (Dkt. 16, Tab 16). Because federal courts cannot second-guess state court decisions regarding the validity of state law claims, *Alvord*, 725 F.2d at 1291, this Court must find that Petitioner's trial counsel would not have had a legal basis for making such an argument. Trial counsel's failure to raise a meritless objection could not have constituted deficient performance, nor could it have prejudiced Petitioner. For these reasons, Petitioner is not entitled to relief on this Ground.

**Ground III**

In support of his petition, Petitioner asserts:

> Deprivation of rights as secured by the 6th and 14th amendments to the United States Constitution through ineffective assistance of trial counsel: failure to call Gary W. Litman, Ph.D.

According to Petitioner, his trial counsel should have called Gary Litman (hereinafter "Litman"), a genetics expert Petitioner's counsel consulted prior to trial, who would have testified about the correct definition of a "nanogram," which is one billionth of a gram. Petitioner asserts that this would have shown that Donna Ioannidas (hereinafter "Ioannidas"), a DNA expert with the Florida Department of Law Enforcement (hereinafter "FDLE") who testified that blood found at the crime scene matched Petitioner's DNA, incorrectly defined nanogram during her pre-trial deposition. Ioannidas testified at trial about the amount of DNA used for testing in terms of nanograms (Dkt. 16, Vol. III, at R. 246-48). Petitioner argues that had this discrepancy been pointed out to the jury, jurors might have evaluated her trial testimony differently and not convicted Petitioner.

Petitioner fails to meet his burden of showing that his counsel's performance was deficient as required by the first *Strickland* prong. This Court disagrees with Petitioner's argument that his trial counsel failing to show that Ioannidas incorrectly defined nanogram in her pre-trial deposition rises to a level of deficiency that violates the first prong of *Strickland*.

First, Ioannidas correctly defined "nanogram" at trial (Dkt. 16, Vol. III, at R. 247-48). Her testimony during direct examination indicated that she is a capable professional who is knowledgeable about her field of work. This Court disagrees with Petitioner's argument that showing that the DNA expert misdefined a unit of measurement in a pre-trial deposition would have caused the jury to discount her trial testimony.

Additionally, Petitioner's counsel's vigorous cross-examination questioning tried to raise doubt as to the reliability of DNA testing in general and Ioannidas' testing in particular. Trial counsel's extensive cross-examination questioned Ioannidas' methods and procedures, the reliability of DNA testing because it examines only a small amount of genetic material, statistical analysis used in DNA testing, and other topics that gave Petitioner ample opportunity to raise doubts as to the DNA test results linking Petitioner to the crime scene (Dkt. 16, Vol. II-III, at R. 224-266). Not only is there a strong presumption that Petitioner's counsel offered competent legal assistance, but the record indicates that his performance was more than sufficient to meet the minimum standard required.

Because Petitioner has the burden of meeting both *Strickland* prongs and he has failed to show that his counsel's performance was deficient, Petitioner cannot prevail on this Ground.

**Ground IV**

In support of his petition, Petitioner asserts:

> Deprivation of rights as secured by the 6th and 14th amendments to the United States Constitution through

> ineffective assistance of trial counsel: failure to cross-examine
> Donna W. Ioannidas.

Petitioner argues that his trial counsel failed to properly cross-examine Ioannidas because he failed to use a list of questions provided by Litman. Petitioner argues that using these questions during cross-examination would have exposed the falsehood of Ioannidas' testimony.

Petitioner fails to meet his burden under the first *Strickland* prong to show that his counsel's performance was deficient. Though Petitioner's counsel did not follow Litman's list word-for-word, his cross-examination of Ioannidas challenged her on some of the topics addressed in Litman's list of possible questions, including the FDLE's potential bias in favor of police departments rather than defendants, the reliability of the statistical database FDLE uses for DNA analysis, and whether Ioannidas took steps to ensure the reliability of her findings (Dkt. 16, Vol. II-III, at R. 244-66).

Furthermore, this Court disagrees with Petitioner's assertion that his trial counsel ineffectively cross-examined Ioannidas. The cross-examination, which consumed more pages of trial transcript than did her direct examination testimony, raised questions about the reliability of Ioannidas' testimony that this Court considers more than sufficient to constitute reasonable assistance under the first *Strickland* prong. For these reasons, Petitioner is not entitled to relief on this Ground.

**<u>Ground V</u>**

In support of his petition, Petitioner asserts:

> Deprivation of rights as secured by the 6th and 14th amendments to the United States Constitution through ineffective assistance of trial counsel: failure to object to chain of custody evidence.

Petitioner argues that trial counsel should have objected to the admission of oral swabs taken from Petitioner that were used to produce DNA evidence linking Petitioner to blood found at the crime scene. Petitioner argues that because 12 days elapsed between when Officer Lynda Raczyski (hereinafter "Raczyski"), a crime scene technician with the Polk County Sheriff's Office, took possession of the Petitioner's oral swabs until she logged them into the sheriff office's evidence room, this shows that the chain of custody was not properly established and that Raczynski did not testify truthfully that Petitioner gave a DNA oral swabbing.

Petitioner fails to meet his burden under both *Strickland* prongs. The state court that rejected Petitioner's argument in his 3.850 motion held that Petitioner did not meet his burden under Florida law to show that the DNA evidence was unreliable enough to create a ground to object to its admission (Dkt. 16, Tab 19). Florida law holds that the party objecting to the introduction of evidence based on the chain of custody bears the burden to show a *probability*, and not merely the *possibility*, that the item was tampered with and thus should not be admitted into evidence. *Floyd v. State*, 850 So. 2d 383 (Fla. 2002). Raczynski testified that the swabs were secured in her work locker during the 12-day period and were under her care, custody and control until she turned him in to the evidence room (Dkt. 16,

Vol. II, at R. 166-69). The court found that there would not have been a legal ground to support an objection by Petitioner's counsel (Dkt. 16, Tab 19).

Because state courts are the final arbiters of state law and federal courts reviewing habeas corpus petitions cannot second-guess them on whether a claim that was not asserted at trial would have had legal merit, *Alvord*, 725 F.2d at 1291, this Court must find that Petitioner's trial counsel would not have had a legal basis for making such an argument. Trial counsel's failure to raise a meritless objection could not have constituted deficient performance, nor could it have prejudiced Petitioner. For these reasons, Petitioner is not entitled to relief on this Ground.

**<u>Ground VI</u>**

In support of his petition, Petitioner asserts:

> Deprivation of rights as secured by the 6th and 14th amendments to the United States Constitution through ineffective assistance of trial counsel: failure to subpoena and call Dr. Donald Sanford Franklin.

Petitioner argues that his trial counsel failed to subpoena Donald Franklin (hereinafter "Franklin"), the emergency room doctor who treated Petitioner for a bump on his head and an abrasion on his hand the evening of the burglary after police arrested Petitioner. He claims that Franklin would have testified that Petitioner's injuries could have arisen from a fight, casting doubt on the State's theory that his injuries resulted from the burglary.

Petitioner's argument fails to meet either prong of *Strickland*. Petitioner's assertion that his counsel failed to subpoena Franklin is contradicted by the trial transcript. Petitioner's

counsel told the trial court that he subpoenaed Franklin in a timely manner, but because of difficulties serving him, Franklin was served the day before trial (Dkt. 16, Vol. III, at R. 316). Because Franklin was scheduled to work in the emergency room the day of trial and could not get adequate coverage to leave work, Petitioner's counsel decided to read into evidence part of Franklin's testimony from Petitioner's first trial, which ended in a mistrial (Dkt. 16, Vol. III, at R. 317).

Furthermore, Petitioner's counsel told the court that because Franklin was upset about being served at the last minute, it was his professional opinion that reading the doctor's testimony was more favorable to Petitioner than having Franklin testify in person (Dkt. 16, Vol. III, at R. 327). Petitioner's counsel appears to have made a reasonable effort to secure Franklin's testimony, and made sufficient arrangements after his efforts failed. Petitioner has not overcome the presumption that his counsel's performance was not reasonable and that his decision to read Franklin's testimony into evidence was not sound trial strategy. Petitioner fails to meet his burden required under the first *Strickland* prong.

Petitioner also fails to meet his burden under *Strickland*'s prejudice prong. Even if Franklin had testified at trial that Petitioner's injuries *could* have resulted from a fight rather than the burglary, there was still sufficient DNA evidence linking Petitioner to the crime scene. Petitioner has not shown that the outcome of the trial would have been different, and thus fails to meet his burden under the second prong of *Strickland*.

For these reasons, Petitioner is not entitled to relief on this Ground.

**Ground VII**

In support of his petition, Petitioner asserts:

> Deprivation of rights as secured by the 6th and 14th amendments to the United States Constitution through ineffective assistance of trial counsel: failure to object to inadmissible hearsay evidence of Dr. Donald Franklin.

Petitioner asserts that the prosecution was planning to introduce Franklin's testimony from the first trial, and that if Petitioner's trial counsel had objected on the ground that it was inadmissible hearsay evidence, the prosecution would have been compelled to call Franklin to testify in person at the second trial. Under this scenario, Petitioner asserts, his counsel could have cross-examined Franklin and elicited testimony that Petitioner's injuries could have resulted from a fight rather than the burglary. In his reply brief, Petitioner seems to contradict his initial claim that the evidence was inadmissible hearsay by arguing "it is not whether the evidence was admissible, but it should have been read in whole and not in part as was done during Petitioner's trial..." (Dkt. 21, at R. 29).

Petitioner's argument fails to meet either of the two prongs under *Strickland* because it is both factually incorrect as well as legally insufficient. The trial transcript shows that it was Petitioner's counsel who subpoenaed Franklin to testify and who wanted to introduce Franklin's prior testimony into evidence, rather than the prosecution (Dkt. 16, Vol. III, at R. 316-17). Additionally, the state court that rejected Petitioner's 3.850 motion found that there was no legal support for Petitioner's assertion that Franklin's prior testimony was inadmissible hearsay, citing Fla. Stat. 90.803(22) (Dkt. 16, Tab 16).

Because federal courts reviewing habeas petitions must defer to a state court's interpretation of its own rules of evidence, *Machin v. Wainwright*, 758 F.2d 1431, 1433-34 (11th Cir. 1985), this Court must find that Petitioner's trial counsel would not have had a legal basis for making such an argument. Trial counsel's failure to raise a meritless objection could not have constituted deficient performance, nor could it have prejudiced Petitioner.

Petitioner's argument faulting his trial counsel for reading only part of Franklin's testimony into evidence also fails to meet either *Strickland* prong. Petitioner has not shown that his counsel's decision to read only part of Franklin's testimony was not sound trial strategy that did not fall within the wide range of reasonable professional assistance. Additionally, Petitioner has not shown that the jury would have come to a different decision if all of Franklin's prior testimony had been introduced. Even if the jury heard evidence that Petitioner's injuries could have resulted from a fight, there was still sufficient DNA evidence linking him to the crime scene.

For these reasons, Petitioner is not entitled to relief on this Ground.

**Ground VIII**

In support of his petition, Petitioner asserts:

> Deprivation of rights as secured by the 6th and 14th amendments to the United States Constitution through ineffective assistance of trial counsel: cumulative errors.

Petitioner argues that had his counsel not committed the seven errors cited *supra*, he would have received a fair and impartial trial, and the jury may have decided not to convict him.

The United States Supreme Court has not recognized cumulative error as a separate violation of the Constitution, or as a separate ground for habeas corpus relief. *See Lorraine v. Coyle*, 291 F.3d 416 (6th Cir. 2002), *amended on other grounds*, 307 F.3d 459 (6th Cir. 2002). Because none of the above-mentioned claims satisfy both *Strickland* prongs, bundling them together does not provide grounds for habeas relief. *See, e.g., Spiers v. Mullin,* 343 F.3d 1215, 1215 (10th Cir. 2003) (because "the sum of various zeros remains zero" the alleged prejudicial effect of trial counsel's cumulative errors do not warrant federal habeas relief.) For this reason, Petitioner is not entitled to relief on this Ground.

It is therefore ORDERED AND ADJUDGED that:

1. The petition for writ of habeas corpus (Dkt. 1) is DENIED.

2. The Clerk is directed to enter judgment in favor of Respondents and against the Petitioner, terminate any pending motions, and close this file.

**DONE** and **ORDERED** in Tampa, Florida on October 19, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

*F:\Docs\2008\08-cv-495.deny 2254.wpd*